1  FRANK E. MAYO/State Bar #42972
   Law Office of Frank E. Mayo
2  5050 El Camino Real, Ste. 228
3  Los Altos, CA 94022

4  (650) 964-8901

5  Attorney for Plaintiff

E-FILING
ADR
FILED
AUG 0 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 08 - 03799

JOSE GARCIA,                              )    Case No.
                                          )
    Plaintiff,                            )    COMPLAINT FOR DAMAGES
                                          )    AGAINST EMPLOYER AND
    VS.                                   )    UNION UNDER § 301 OF LMRA
                                          )    FOR COMPENSATORY DAMAGES
BERKELEY FARMS, A CALIFORNIA              )    FOR UNLAWFUL DISCHARGE
CORPORATION, LOCAL 853                    )    AND BREACH OF UNION'S DUTY
OF THE INTERNATIONAL                      )    OF FAIR REPRESENTATION
BROTHERHOOD OF TEAMSTERS                  )    USC § 185
AN UNINCORPORATED ASSOCIATION,            )
                                          )    JURY TRIAL DEMANDED
    Defendants.                           )
                                          )
_____)

Plaintiff makes complaint against Defendants and for a cause of action alleges as follows:

1.  Plaintiff Jose Garcia brings this action under, and jurisdiction thereof is conferred on this court by virtue of section 301 of the Labor Management Relations Act (29 USC section 185) hereinafter referred to as the Act, to recover damages for Plaintiff's unlawful discharge by Defendant Berkeley Farms Inc., a California Corporation, Plaintiff's Employer and for breach by Defendant Local 853 of the International Brotherhood of Teamsters of its duty of fair representation owing to

1

COMPLAINT FOR DAMAGES

Plaintiff.

2. Defendant Company Berkeley Farms is a corporation organized and existing under the laws of the State of California and has its principal office and place of business located in Alameda County within the jurisdiction of this court. This Defendant is engaged in the distribution and sale of products (dairy products) in interstate commerce.

3. Plaintiff was employed by Defendant Berkeley Farms Inc. on approximately October 15, 1999 as a truck driver and was continuously in Defendant's employ in that classification until February 12, 2008 when Plaintiff was unlawfully discharged by Defendant, as is more specifically hereinafter alleged.

4. Defendant Union is, and at all times hereinafter mentioned was, a labor organization representing employees in an industry affecting commerce as defined in Sections 2(5) and 501(1) and (3) of the Act (29 USC section 152(5) and 29 USC Section 142(1), (3), and within the meaning of Sec. 301 of the Act (29 USC Sec. 185). During all times hereinafter mentioned, this defendant was the recognized collective bargaining representative of the truck drivers and transportation employees, including Plaintiff, employed in defendant Company in its Alameda facilities.

5. At all times herein mentioned Don Pope and Ronald Aloise were managerial employees of Defendant Berkeley Farms and in doing the things and committing the acts hereinafter alleged were acting in the course and scope of said managerial employment.

6. At all times herein mentioned Boby Strelo and Albert Apodaca were agents, servants and employees of Defendant International Brotherhood of Teamsters Local 853 and in committing the acts and doing the things hereinafter alleged were acting in the course and scope of said employment.

7. On or about July 15, 2006 Defendant Company and Employee Union entered into a collective bargaining agreement covering the employees, including Plaintiff, in the bargaining unit,

2

COMPLAINT FOR DAMAGES

1  which agreement was in force during the entire period involved herein. Both defendants have copies of the agreement and for that reason none is attached hereto. The agreement was entered into by Defendants for the benefit of the employees in the bargaining unit, and Plaintiff as a member thereof, is accordingly entitled to the benefit of the agreement and to enforce the provisions thereof.

8.  The collective bargaining agreement provides that no employee covered by the agreement shall be discharged except for good cause. Further said agreement provided for a grievance procedure, which establishes a procedure culminating in binding arbitration, for the presentation, negotiation, settlement, or other disposition of grievances, and expressly provides that all cases of discharge, for whatever cause, shall be subject to the grievance procedure.

9.  On or about January 1, 2008 Plaintiff protested conduct of Defendant Company Berkeley Farms which was in violation of California policy which was Defendant Berkeley Farms required Plaintiff to work through his lunch hour while charging him with having taken a bona fide meal period of one hour each day he worked and thereby failing to compensate him at the minimum hourly wage required by California statute and wage order for each hour he was required to work during the meal period Defendant Berkeley Farms charged Plaintiff with having taken.

10. Defendant retaliated because of Plaintiff protestation by immediately engaging in surveillance of Plaintiff and did thereafter on or about February 8, 2008 did falsely assert the Plaintiff had falsified his timecard and thereafter on February 12, 2008 did terminate Plaintiff's employment with Defendant Berkeley Farms.

11. As alleged above Plaintiff was discharged by Defendant Company on February 12, 2008. The notice of discharge recited as the supposed reason for the action taken that Plaintiff had falsified his timecard. Plaintiff denies that he had ever falsified his timecard and further denies there was good cause for his dismissal as required by the agreement. Plaintiff alleges that the true reason for his discharge was that he had complained of Defendant Company's violation of California

3

COMPLAINT FOR DAMAGES

policy.

12.     Plaintiff protested his discharge to Defendant Union Representatives Bob Strelo and Albert Apodaca and scheduled a meeting with Bob Strelo and Albert Apodaca. At said meeting Strelo and Apodaca did represent to Plaintiff that if Plaintiff were to tell Defendant Company's representative Don Pope and Ronald Aloise that he had in fact falsified his timecard he would be reinstated to his employment with minor discipline and assured Plaintiff that it was in his best interest to do so. Although Plaintiff had not falsified his time record Plaintiff relied on the representations of his Union Agents because of his need to support his need to support his family through his employment.

13.     After Plaintiff made the statement to Defendant Company's managerial employees he was terminated.

14.     Defendant Union breached its statutory duty of fair representation owing to Plaintiff under the provisions of the Act, conspired with defendant Company to permit Plaintiff's discharge to stand, although there was no just cause therefore and the representations made to Plaintiff were false and deliberately designed to give Plaintiff the false impression that a sincere effort was made by Defendant Union to resolve the issues necessary to secure Plaintiff's reinstatement.

15.     Exhaustion of the contractual grievance procedure would be futile in this case because of Defendant Union's misrepresentation and mishandling of the grievance procedure in this matter.

16.     As a result of Plaintiff's discharge by Defendant Company, in violation of Plaintiff's rights under the collective bargaining agreement, and in breach by Defendant Union of its duty of fair representation owing to Plaintiff, as alleged above, Plaintiff has suffered grievous and extensive damages including loss of compensation and emotional distress.

COMPLAINT FOR DAMAGES

Wherefore Plaintiff prays judgment against Defendant Company Berkeley Farms, Inc. and Defendant Union for damages according to proof and costs of suit.

Dated: August 6, 2008

*Frank E. Mayo*

Frank E. Mayo, Attorney for Plaintiff Jose Garcia

COMPLAINT FOR DAMAGES